EXHIBIT A

| | SUM-100 |
|---|---|
| **SUMMONS** *(CITACION JUDICIAL)* | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BROAN-NUTONE, LLC.; A. O. SMITH CORPORATION and DOES 1 - 40, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STATE FARM GENERAL INSURANCE COMPANY



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 1 0 2021

BY _____ ANTHONY MARTINEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: **CASE NUMBER** *(Número del Caso):* **CIVSB 2106134**
*(El nombre y dirección de la corte es):*

SAN BERNARDINO SUPERIOR COURT
247 West Third Street
San Bernardino, CA 92415-0210

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David B. Pillemer Esq. 97808 PILLEMER & PILLEMER
17835 Ventura Blvd., Suite 204 (818) 994-4321
Encino, CA 91316

| DATE: *(Fecha)* MAR 1 0 2021 | Clerk, by *(Secretario)* Anthony Martinez | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]


**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BROAN-NUTONE, LLC
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CORP CODE 17701.16
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

15993

1  David B. Pillemer, Esq., State Bar No. 97808
   PILLEMER & PILLEMER
2  17835 Ventura Blvd., Suite 204
   Encino, California 91316-3673
3  Telephone (818) 994-4321 • Facsimile (818) 994-3484
   Email: dpillemer@pillemerlaw.com
4
   Attorneys for Plaintiff
5  STATE FARM GENERAL INSURANCE COMPANY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 10 2021

BY ANTHONY MARTINEZ, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

STATE FARM GENERAL INSURANCE COMPANY,

Plaintiff,

vs.

BROAN-NUTONE, LLC., A.O. SMITH, CORPORATION and DOES 1 - 40, Inclusive,

Defendant.

CASE NO.: **CIV SB 2106134**

COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

TRIAL DATE: None Set
ACTION FILED:

Plaintiff alleges:

### GENERAL ALLEGATIONS

1. That at all times mentioned herein, plaintiff was and now is a corporation duly organized and existing under and by virtue of the laws of the State of Illinois and authorized to conduct fire and casualty insurance business in the State of California.

2. That at all times mentioned herein, Broan-Nutone, LLC (hereinafter Broan") was and now is a Delaware corporation authorized to and doing business in the County of San Bernardino, State of California.

3. That at all times mentioned herein, A.O. Smith, Corporation (hereinafter A.O. Smith") was and now is a Delaware corporation, authorized to and doing business in the County of San Bernardino, State of California.

- 1 -
COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

4. That plaintiff is ignorant of the true names or capacities, be they corporate, associate, individual, or otherwise of defendants sued herein by the fictitious names of Does 1 through 40, and each of them, and plaintiff will ask leave of this Court to amend this Complaint to reflect the true names and capacities of said fictitiously named defendants when the same have been ascertained.

5. That at all times mentioned herein, Omar Polo, (hereinafter "Polo") was insured under policy number 71-EK-J662-3. Said policy was in full force and effect at all times relevant hereto and provided coverage for damage to and destruction of the property of Polo located at Rancho Cucamonga, (hereinafter "Polo property").

6. That by the terms of said policy of insurance, plaintiff was to reimburse said insureds for damages to or destruction of the aforementioned property.

7. That prior to November 20, 2019, Broan manufactured a Broan Model #: 663-E/688-E 0.75amps, 50CFM exhaust fan (hereinafter "Fan"). Said Fan contained an Uppco motor that was manufactured by A.O. Smith's predecessor and sold to Broan and utilized in the Fan that was then sold to the general public.

8. That on or about November 20, 2019, the Fan caught fire while located at the Polo property, causing severe damage to the Polo property.

## FIRST CAUSE OF ACTION - SUBROGATION

9. That plaintiff refers to and realleges Paragraphs 1 through 8 of the General Allegations as though set forth in full herein.

10. That at all times mentioned herein, defendants Broan and Does 1-20 were engaged in the business of designing, manufacturing and assembling Fan for sale to and use by members of the general public, and as part of its business, defendants Broan and Does 1-20 designed, manufactured, and assembled the specific Fan hereinafter referred to.

11. That at all times mentioned herein, defendant A.O. Smith and Does 21-40 were engaged in the business of manufacturing and selling Fan motors that were then incorporated in the Broan Fans that were then sold at retail to members of the general public in the City of Rancho Cucamonga, County of San Bernardino, State of California, the hereinabove

1. described Fan.

12. That at all times mentioned herein, defendants, and each of them, knew and intended that the Fan would be purchased by members of the general public and used by said purchasers and others without inspection for defects.

13. That the Fan was, at the time that it was installed at the Polo property, defective and unsafe for its intended purpose in that said Fan had a tendency to catch on fire, and thereby causing destruction to the Polo property.

14. That on or about November 20, 2019, Polo had used the Fan at his home for purposes of venting the laundry room.. That on or about November 20, 2019 the Fan caught fire causing damage and destruction to the Polo property.

15. That as a direct and proximate result of the defect in the Fan caught fire as herein alleged, plaintiff's insureds Polo sustained damage to their home, their personal property, and incurred additional living expenses in an amount of at least $198,141.50.

16. That plaintiff paid to its insureds the sum of $198,141.50 to date, and will amend the complaint if any additional sums are paid to its insureds. That pursuant to the terms of the aforementioned policy of insurance and California State law, plaintiff thereby became subrogated to all of the rights of, entitled to enforce all of the remedies of said insureds against defendants, and each of them.

## SECOND CAUSE OF ACTION - NEGLIGENCE

17. That plaintiff refers to and realleges Paragraphs 1 through 8 of the General Allegations and Paragraphs 10 through 16 of the First Cause of Action as though set forth in full herein.

18. That plaintiff is informed and believes, and based thereon alleges that, defendants, and each of them, were the manufacturers, designers, assemblers, distributors, sellers and advertisers of the Fan and all its component parts, and knew, or should have known, that said Fan was to be used by the general public.

19. That plaintiff is informed and believes, and based thereon alleges, that the defendants, and each of them, negligently, carelessly, tortiously and wrongfully failed to use

reasonable care in the design, manufacture, assembly, distribution, sale and advertising of said Fan.

20. That plaintiff is informed and believes, and based thereon alleges, that the defendants, and each of them, knew or should have known that the Fan and its component parts were not adequately designed, manufactured, assembled, distributed and sold to the general public and that the users would be substantially damaged thereby.

21. That the defendants herein were under a duty to exercise ordinary care as the manufacturer, designer, distributor, marketer, wholesaler, retailer and advertiser of the Fan to avoid reasonably foreseeable injury to users, purchasers and others of the Fan.

22. That the defendants, and each of them, knew or should have foreseen with reasonable certainty that purchasers, users and others would suffer monetary and other damages if the defendants, and each of them, failed to perform their duties to cause the Fan to be completed in a proper and workmanlike manner and fashion.

23. That as a direct and proximate result of the foregoing negligence, carelessness and unworkmanlike conduct, action and/or omission by defendants, and each of them, plaintiff has now paid to its insured/s, Polo the sum of $198,141.50 for the damages that they suffered and which were covered under the policy issued by State Farm General Insurance Company (hereinafter State Farm").

24. That as a direct and proximate result of the payment by State Farm to Polo, State Farm became subrogated to their rights against defendants, and each of them.

THIRD CAUSE OF ACTION -- INDEMNITY

25. That plaintiff refers to and realleges Paragraphs 1 through 8 of the General Allegations, Paragraphs 10 through 16 of the First Cause of Action, Paragraphs 18 through 24 of the Second Cause of Action, as though set forth in full herein.

26. That as a result of paying to plaintiff's insureds all sums upon which plaintiff's insureds made claim, plaintiff became entitled to seek indemnity from defendants, and each of them, for the damages that they caused.

27. That plaintiff has paid to its insureds the sum of $198,141.50. As a direct and

- 4 -
COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

proximate result of said payment by State Farm to Polo, State Farm became subrogated to the rights of its insureds.

### FOURTH CAUSE OF ACTION - BREACH OF WARRANTY

28. That plaintiff refers to and realleges Paragraphs 1 through 8 of the General Allegations, Paragraphs 10 through 16 of the First Cause of Action, Paragraphs 18 through 24 of the Second Cause of Action, as though set forth in full herein.

29. That in connection with the manufacture, sale, supply, delivery, handling and use of the products previously referred to, Defendants expressly and/or impliedly warranted that said products and merchandise were merchantable and of good quality. Said representations were, in fact, untrue, in that said products and merchandise failed to operate properly, failed to operate as promised both expressly and by implication, and failed to operate in a manner that would reasonably by expected by a reasonable consumer, and said failures caused damage to State Farm's insured. Defendants were, or should have been, fully knowledgeable as to the dangers and defects surrounding the sale, supply, delivery and use of said products and merchandise, and their suitability for the purposes and uses for which they were intended.

30. That in connection with the manufacture, sale, supply, delivery, testing, handling and use of the products and merchandise previously described, Defendants expressly and/or impliedly warranted, through advertising claims and/or product labels that said products and merchandise were suitable for the uses and purposes for which they were intended. State Farm's insured relied upon said representations, which were in fact false and untrue, in that, exposure to and use of the products and merchandise previously referred to did, in fact, cause serious property damage to State Farm's insured.

31. Plaintiff seek pre-judgment interest as prescribed by California law upon any and all damages sustained by State Farm's insured as herein above alleged.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, jointly and severally, as follows:

1. For damages in the sum of $198,141.50;

- 5 -
COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

2. For pre-judgment interest in all sums awarded at the legal rate;

3. For costs of suit herein incurred; and

4. For such other and further relief as this court deems just and proper.

DATED: March 2, 2021                PILLEMER & PILLEMER

                                    By: _____
                                    DAVID B. PILLEMER
                                    Attorneys for Plaintiff, State Farm General Insurance Company

- 6 -
COMPLAINT FOR SUBROGATION, NEGLIGENCE, INDEMNITY AND BREACH OF WARRANTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

STATE FARM GENERAL INSURANCE COMPANY

vs.

BROAN-NUTONE, LLC., A. O. SMITH CORPORATION
and DOES 1 - 40, Inclusive

CASE NO.: **CIV SB 2106134**

**CERTIFICATE OF ASSIGNMENT**

---

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

---

The undersigned declares that the above-entitled matter is filed for proceedings in the District of the Superior Court under Rule 131 and General Order of this court for the checked reason:

[X] General      [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district. |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20. Other Subrogation | The damage occurred within the district |
| [ ] | 21. THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

5822 Villa Dr.

| NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
|---|---|---|---|
| Rancho Cucamonga | California | 91737 | |
| CITY | STATE | ZIP CODE | |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed

on March 3, 2021     at Encino     , California.

*Signature of Attorney/Party*

Form # 13-16503-360
Mandatory Use

**CERTIFICATE OF ASSIGNMENT**

Rev. June 2019

CEB | Essential Forms
ceb.com

15993



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**

San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| State Farm General Insurance Company -v- Broan-Nutone, LLC et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2106134 |

Pillemer & Pillemer
17835 Ventura Blvd
Suite 204
Encino CA 91316

This case has been assigned to: Thomas S Garza in Department S27 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 09/10/2021 at 9:00 AM in Department S27 - SBJC

Date: 3/30/2021                     Nancy CS Eberhardt, Court Executive Officer

By: _Anthony Martinez_____
Anthony Martinez, Deputy Clerk

---

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 3/30/2021

I declare under penalty of perjury that the forgoing is true and correct. Executed on 3/30/2021 at San Bernardino, CA.

By: _Anthony Martinez_____
Anthony Martinez, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐  No ☐  Date discovery anticipated to be completed: _____

7. Do you agree to mediation?  Yes ☐  No ☐  Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination**: Please attach a Notice of Related Case.

   ☐ A motion to  ☐ consolidate  ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____  _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY)

_____  _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY)

Form # 13-09001-360          **INITIAL TRIAL SETTING CONFERENCE STATEMENT**
Mandatory Form

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> David B. Pillemer Esq. 97808 <br> PILLEMER & PILLEMER <br> 17835 Ventura Blvd., Suite 204 <br> Encino, CA 91316 <br> TELEPHONE NO.: (818) 994-4321   FAX NO.: (818) 994-3484 <br> ATTORNEY FOR *(Name)*: State Farm General Insurance Company | FOR COURT USE ONLY <br> **FILED** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF SAN BERNARDINO <br> SAN BERNARDINO DISTRICT <br> MAR 10 2021 <br> BY _____ <br> ANTHONY MARTINEZ, DEPUTY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino <br> STREET ADDRESS: 247 West Third Street <br> MAILING ADDRESS: Same <br> CITY AND ZIP CODE: San Bernardino, CA 92415-0210 <br> BRANCH NAME: | |
| CASE NAME: STATE FARM V BROAN-NUTONE, LLC & A.O. SMITH | |

| CIVIL CASE COVER SHEET <br> [X] Unlimited  [ ] Limited <br> (Amount    (Amount <br> demanded   demanded is <br> exceeds $25,000)  $25,000 or less) | Complex Case Designation <br> [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br> CIV SB 2106134 <br> JUDGE: <br> DEPT.: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [X] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: Four
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 3/3/2021

David B. Pillemer
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] <br> CEB Essential Forms — ceb.com <br> **CIVIL CASE COVER SHEET** <br> Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> 15993

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)-Personal Injury/Property Damage/Wrongful Death
    Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/ Wrongful Death
    Product Liability *(not asbestos or toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice- Physicians & Surgeons
        Other Professional Health Care Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip and fall)
        Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
        Intentional Infliction of Emotional Distress
        Negligent Infliction of Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
        Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/ Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book accounts) (09)
        Collection Case-Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ-Administrative Mandamus
        Writ-Mandamus on Limited Court Case Matter
        Writ-Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic relations)*
        Sister State Judgment
        Administrative Agency Award *(not unpaid taxes)*
        Petition/Certification of Entry of Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-harassment)*
        Mechanics Lien
        Other Commercial Complaint Case *(non-tort/non-complex)*
        Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief from Late Claim
        Other Civil Petition